IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSHUA N. REAGER,
    Plaintiff

    v.

MORRIS WILLIAMS, STEPHEN
L. FRANZ, JAMES DAUBERT,
CRAIG WERNER, THE BOROUGH
OF PINE GROVE, TIMOTHY PETERS
and TERRY MAHER,
    Defendants

No. 3:08cv2035

(Judge Munley)

## **MEMORANDUM**

Before the court for disposition are motions to dismiss filed by Defendants Stephen L. Franz, James Daubert and Craig Werner in this civil rights/defamation action. The motions have been briefed and are ripe for disposition.

**Background**

Plaintiff Joshua N. Reager is the police chief of Defendant Borough of Pine Grove. (Doc. 13, Amended Complaint at ¶ 10). In the summer of 2008, plaintiff had generally been properly performing the duties of police chief. (Id. at ¶ 21). His duties included such things as traffic enforcement, motor carriers safety enforcement, filing charges and investigating criminal misconduct. (Id.). Plaintiff claims that three local businessmen, Defendants Stephen L. Franz, James Daubert and Craig Werner were not in agreement with the manner in which plaintiff carried out his duties and decided to work together to prevent plaintiff and the local police from performing their duties. (Id.). Defendant Daubert owns a beer distributorship and supplies bars in the Pine Grove area. He was concerned that plaintiff's enforcement of driving under the influence laws

1

was bad for his business. (Id. at ¶ 24). Defendant Werner owns a lumberyard and plaintiff and his subordinates had cited trucks that were making deliveries to the lumberyard for being overloaded. (Id. at ¶ 26). Defendant Franz runs an insurance business, which sells, *inter alia*, automobile insurance. (Id. at 27). He was motivated to attack the plaintiff for being too aggressive in enforcing the law as that adversely affects his insurance customers' coverage. (Id.). They solicited the help of Defendant Terry Maher, Pine Grove Area School Superintendent and Defendant Morris Williams, mayor of Defendant Pine Grove. (Id. at ¶ 36).

Guided by their animus against the plaintiff, these defendants agreed to work together to prevent the plaintiff and his subordinates from enforcing the law. (Id. at ¶ 28). The defendants worked together, and plaintiff was written up for several disciplinary infractions that were not proper. Also, Defendant Franz learned of and visited a website advertising plaintiff's skate board business. (Id. ¶ ¶ 29-30). The website used attractive women in swimming attire to advertise the skateboards. (Id. at ¶ 32). Franz, Daubert and Warner distributed flyers throughout Pine Grove made from pictures taken from the website. They published these flyers to create the impression that plaintiff is morally depraved. (Id. at ¶ 34). In September and/or October 2008, these defendant worked to portray plaintiff in a bad light and as an immoral individual who conducted his business in such a way as to victimize young women. (Id. at ¶ 35). Defendant Maher, the school superintendent wrote a letter to the Borough asking that "Chief Reager [the plaintiff] not respond to any issues involving the school district." Thus, the defendants were working to present plaintiff as a morally reprehensible person and a danger to children. (Id. at ¶ 37).

The mayor, Defendant Williams disciplined plaintiff in a retaliatory manner by giving him unwarranted disciplinary write-ups and suspending him twice for unwarranted reasons.

Based upon these facts, the plaintiff instituted the instant lawsuit. Plaintiff seeks to recover for violation of his first amendment rights under 42 U.S.C. § 1983 (hereinafter "section 1983"). Plaintiff also alleges state law claims for false light misrepresentation/defamation and civil conspiracy. Defendants Franz, Daubert and Werner have all filed motions to dismiss the plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, bringing the case to its present posture.

**Jurisdiction**

As this case is brought section 1983 for constitutional violations, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Standard of review**

When a 12(b)(6) motion is filed, the sufficiency of allegations in the complaint is tested. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. Phillips

v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35 (citation omitted).

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Twombly, 550 U.S. at 555 (citation omitted). This standard does not require "detailed factual allegations." Id. (citation omitted). However, "the factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." Id. (citation omitted).

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). However, the court is not bound to accept conclusions of law or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse, 132 F.3d at 906).

When considering a motion to dismiss, a court generally should look only to the allegations in the complaint, exhibits attached to the complaint,

4

matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**Discussion**

Although Franz, Daubert and Werner all filed separate motions to dismiss they all raise the same issues and all seek the dismissal of both plaintiffs' section 1983 action and the defamation claim. Accordingly, we shall discuss the motions collectively.

### A. Section 1983

The first cause of action that the defendants attack is the plaintiff's section 1983 claim. In pertinent part, section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Thus, to establish a claim under section 1983, two criteria must be met. First, the conduct complained of must have been committed by a person acting under color of state law. Second, the conduct must deprive the complainant of rights secured under the Constitution or federal law. Sameric Corp. of Del., Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998).

In the instant case, the defendants argue that the section 1983 case should be dismissed as against them because they are not state actors. The law provides that when private individuals are involved "state action

5

may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself. Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) (citation and internal quotation marks omitted). Examples of the necessary nexus include an action that is performed due to a State's exercise of its coercive power, when a State provides significant encouragement to the action or when a private actor is a "wilful participant in joint activity with the State or its agents." Id. at 296.

With regard to joint activity between the private defendants and the state defendants, the complaint asserts as follows:

> Merely because the plaintiff was equally and reasonably enforcing the law in Pine Grove, a group of local business persons decided to work out a plan, having as . . .their goal, to prevent the plaintiff and the local police force from performing their duties. To accomplish this goal, these persons, the defendants Frantz, Daubert, and Werner engaged in numerous unlawful activities for the sole purpose of depriving the plaintiff of his federally guaranteed rights, with the help of defendants Williams, Peters, Maher and the Borough.
> . . .
> Upon information and belief the aforementioned private citizen defendants solicited the help and assistance of the state actor defendant Maher and the state actor defendant Williams.

(Doc. 13, Amended Complaint, ¶ ¶ 22, 36).

We find that these allegations are sufficient to overcome the defendants' motions to dismiss. It is alleged that the government officials worked together with the private individuals to deprive plaintiff of his federally guaranteed rights. Motivated by the interest in protecting their businesses from being negatively affected by proper arrests made by the police department, these defendants are alleged to have solicited the help

6

of state actors and conspired with them.  The result of the conspiracy was false disciplinary reports being filed against the plaintiff and the plaintiff being suspended from his job.  Further, the defendants, in concert, made the plaintiff out to be a morally deprived individual who should not be sent to handle problems that arise at the school.   Although the complaint does not contain many details, this is merely the motion to dismiss stage of the case.   A more vigorous examination of these issues may be appropriate at the summary judgment stage.  The motions to dismiss the plaintiff's section 1983 claim will be denied.

### B.  Defamation

The defendants also challenge the defamation action asserted by the plaintiff.  They assert that the defamation claim is insufficiently pled because it does not identify with specificity what the allegedly defamatory statements were and who made the statements and to whom they were made.

The Pennsylvania Superior Court has described defamation as follows:

> Defamation, of which libel, slander, and invasion of privacy are methods, is the tort of detracting from a person's reputation, or injuring a person's character, fame, or reputation, by false and malicious statements. Zartman v. Lehigh County Humane Society, 333 Pa.Super. 245, 482 A.2d 266, 268 (1984). A publication is defamatory if it tends to blacken a person's reputation or expose him to public hatred, contempt, or ridicule, or injure him in his business or profession. See MacElree v. Philadelphia Newspapers, Inc., 544 Pa. 117, 124-25, 674 A.2d 1050, 1054 (1996). In order to be actionable, the words must be untrue, unjustifiable, and injurious to the reputation of another. See 42 Pa.C.S.A. § 8343(a). When communications tend to lower a person in the estimation of the community, deter third persons from associating with him, or adversely affect his fitness for the proper conduct of

7

> his lawful business or profession, they are deemed defamatory. Green v. Mizner, 692 A.2d 169, 172 (Pa.Super.1997). A "libel" is any malicious publication that is written, printed, or painted, or procured to be written, printed, or painted, and which tends to expose a person to contempt, ridicule, hatred, or degradation of character. See Schnabel v. Meredith, 378 Pa. 609, 107 A.2d 860, 862 (1954); see also Corabi v. Curtis Publishing Co., 441 Pa. 432, 273 A.2d 899, 904 (1971). The court must view the allegedly defamatory statements in context. Baker v. Lafayette College, 516 Pa. 291, 532 A.2d 399, 402 (1987).

Joseph v. Scranton Times L.P., 959 A.2d 322, 334 (Pa. Super. Ct. 2008).

The elements of a *prima facie* case of defamation claim are:

(1) The defamatory character of the communication.

(2) Its publication by the defendant.

(3) Its application to the plaintiff.

(4) The understanding by the recipient of its defamatory meaning.

(5) The understanding by the recipient of it as intended to be applied to the plaintiff.

(6) Special harm resulting to the plaintiff from its publication.

(7) Abuse of a conditionally privileged occasion.

Id. at 335, (quoting 42 PENN. CONS. STA.T ANN. § 8343).

Defendants assert that the allegations of the amended complaint do not make sufficient allegations regarding the defamation claim as it does not specify what defamatory statements were made and to whom. In support of their position the defendants rely on cases such as Ersek v. Twp. of Springfield, 822 F. Supp. 218 (E.D. Pa. 1993). We are

8

unconvinced.

Ersek relies on Pennsylvania law and Pennsylvania fact pleading requirements. The Federal Rules of Civil Procedure does not require fact pleading, but only notice pleading. See Roskos v. Sugarloaf Twp., 295 F. Supp. 2d 480, 492 (M.D. Pa. 2003); FED. R. CIV. P. 8. As Roskos explained "[F]or a defamation claim brought in federal court, the plaintiff does not have to plead the precise defamatory statements as long as the count provides sufficient notice to the defendant." Id. In the instant case, the amended complaint provides sufficient notice to the defendants of the nature of plaintiff's defamation case to survive defendants' motions to dismiss. Defendants attempted to create the impression that plaintiff is morally depraved and "paint the plaintiff in a bad light portraying him as an immoral individual conducting business in a dirty way that included victimizing young women." (Doc. 13, Amended Complaint ¶ ¶ 33, 35).

These allegations are sufficient to place the defendants on notice of the defamation claim and sufficiently precise for the defendants to respond to them.[1] Accordingly, the defendants motion to dismiss the defamation claim will be denied.

**Conclusion**

For the reasons set forth above, the defendants' motions to dismiss will be denied. An appropriate order follows.

---

[1] Defendants also argue that the plaintiff cannot sustain a civil conspiracy claim as there is no cognizable defamation claim. As we have found that plaintiff has properly pled a defamation claim, the civil conspiracy claim should not be dismissed.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA N. REAGER,<br>**Plaintiff** | No. 3:08cv2035 |
| v. | (Judge Munley) |
| MORRIS WILLIAMS, STEPHEN L. FRANZ, JAMES DAUBERT, CRAIG WERNER, THE BOROUGH OF PINE GROVE, TIMOTHY PETERS and TERRY MAHER,<br>**Defendants** | |

## ORDER

**AND NOW**, to wit, this 25th day of September 2009, it is hereby **ORDERED** as follows:

1) Defendant Craig Werner's motion to dismiss the amended complaint (Doc. 16) is hereby **DENIED**;

2) Defendant Stephen L. Frantz' motion to dismiss the amended complaint (Doc. 20) is hereby **DENIED**; and

3) Defendant James Daubert's motion to dismiss the amended complaint (Doc. 21) is **DENIED**.

**BY THE COURT:**

**s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court**